724 So.2d 968 (1998)
Elger Russell FOX, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01007 COA
Court of Appeals of Mississippi.
December 18, 1998.
*969 John Evans Gough, Jr., Jackson, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorneys for Appellee.
BEFORE THOMAS, P.J., DIAZ, HERRING, AND SOUTHWICK, JJ.
HERRING, J., for the Court:
¶ 1. Elger Russell Fox appeals to this court from his conviction and sentence in the Lafayette County Circuit Court of drive-by-shooting in violation of Miss.Code Ann. § 97-3-109 (Rev.1994). He was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. On appeal he challenges the sufficiency and the weight of the evidence supporting his conviction. Finding ample evidence to support each element of the offense and the verdict of the jury, we affirm.

A. THE FACTS
¶ 2. On July 27, 1996, Elger Russell Fox was riding in the passenger seat of James Willingham's Nissan Maxima automobile. Along with Fox and Willingham were two other passengers, Michael Miller and Derek Mitchell. The four occupants of the vehicle drove to Wilson Road in Oxford, Mississippi, allegedly to discuss with the residents of Wilson Road some problems that existed between the two groups. Fox testified that he took a gun along for protection. The gun was a .30 caliber carbine, a semi-automatic weapon.
¶ 3. Fox testified that when they reached Wilson Road, he saw Antonio Carrouthers standing beside a car and then running towards Odis Barr's house. Fox testified that he thought Carrouthers was going to get a gun. He further stated that he shot his gun into the air at that point. He alleged that he fired the gun through the sunroof of the Maxima as they were moving down Wilson Road in order "to scare them, stop them from coming" and not for the purpose of hurting anyone. After the shot was fired the automobile crashed into a ditch. Fox and Miller fled into the woods because they were frightened of a crowd that had gathered.
¶ 4. The other three passengers of the Nissan Maxima (Willingham, Miller, and Mitchell) corroborate Fox's story that he shot the gun straight into the air out of the sunroof. However, Camellia Barr Goolsby testified that although she did not see where the gun was pointed when the shot was actually fired, she observed Fox pointing the gun at her cousin, Antonio Carrouthers, just before the shot was fired. Carrouthers himself testified that he was alone in the yard of Odis Barr's house when he saw the Nissan Maxima approaching. He stated that he had no weapon in his hands, but he saw Fox lean down inside the vehicle and come back up with a gun. He then moved behind Odis Barr's van and that was when he heard the shot fired. He testified that although he could not testify that the gun was aimed at him, he felt like the shot was fired at him because there was no one else outside. He further testified that he did not know if Fox was trying to shoot him, he was not hit by a bullet, and to his knowledge, nothing around him was hit by a bullet.
¶ 5. Fox was indicted on charges of drive-by-shooting on December 16, 1996. He was convicted by a jury of his peers on July 22, 1997, and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections on August 1, 1997. On August 5, he filed a motion entitled, "Motion for Judgment of Acquittal, Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial." This motion was denied by the circuit court on August 7, 1997, and Fox filed notice of this appeal on August 14, 1997.

B. THE ISSUES
¶ 6. On appeal, Fox raises the following issue which is taken verbatim from his brief:

*970 THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE

C. ANALYSIS
¶ 7. When the State rested its case in the court below, Elger Fox made a motion for a directed verdict alleging that the State failed to make a prima facie case. Fox asserted that the verdict should be directed in his favor because the State failed to prove beyond a reasonable doubt that he intended to cause serious bodily injury to Carrouthers which is an element of the offense of drive-by shooting under Miss.Code Ann. § 97-3-109 (Rev.1994). The appellant conceded that he had a gun on the occasion in question, that he was in the automobile, and that he shot the gun into the air. However, he argued that he did not intend to cause anyone harm. The State rebutted by recounting the testimony of Camellia Barr Goolsby who stated that immediately prior to the gun being discharged, Fox was pointing the gun at Antonio Carrouthers. The trial court overruled the motion.
¶ 8. On appeal, the appellant asserts that the verdict of the jury was against the overwhelming weight of the evidence and should, therefore, be reversed. However, he argues in his brief that the State failed to prove an element of the crime, which would support an argument that the evidence was not sufficient to support the jury verdict. Due to the fact that the argument as stated by the appellant could have been addressed either to the weight or to the sufficiency of the evidence, we will address both.
A. Sufficiency of the Evidence
¶ 9. The statute under which Fox was convicted defines drive-by shooting as follows:
A person is guilty of a drive-by shooting if he attempts, other than for lawful self-defense, to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life by discharging a firearm while in or on a vehicle.
Miss.Code Ann. § 97-3-109(1) (Rev.1994).
¶ 10. Fox claims that the State failed to prove that he intended to cause serious bodily injury which is an element of the offense of drive-by shooting as defined by Miss.Code Ann. § 97-3-109 (Rev.1994). The State counters that the issue was presented to the jury, and it was the jury's duty to resolve issues regarding the weight and credibility of evidence.
¶ 11. In determining whether evidence is sufficient to support a jury verdict, this Court reviews the evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). All credible evidence which is consistent with Fox's guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id. Because matters concerning the weight and credibility of the witnesses are resolved by the fact finder, this Court will reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Id.
¶ 12. We rule that the evidence, when viewed in the light most favorable to the State is sufficient to support the jury's verdict in the case sub judice. Elger R. Fox telephoned James Randle Willingham at work on the day in question and told him that he had gotten into an argument with "Odis Barr and Antonio Carrouthers and everybody out there on Wilson Road." Fox told Willingham that he wanted to get it straightened out "so it won't end up in nothing." In other words, he wanted to go and talk to the residents of Wilson Road so that a fight could be prevented. At approximately 1:30 p.m., Willingham picked up Fox in his automobile. Willingham and Fox then proceeded to Mike Miller's house to pick up Miller and Derrick Mitchell. At that point, the four men drove to Fox's mother's home. When Fox left his mother's home he was carrying a gun. From the home of Fox's mother, the four men drove to the mall and then to Wilson Road. Although Fox testified that he *971 fired the shot after "everybody start running around from the side of the house," Willingham, the driver of the motor vehicle, testified that when they reached Wilson Road, he saw no one else around just before Fox fired the weapon.
¶ 13. Antonio Carrouthers testified that he was leaving Odis Barr's house and was about to cross the street when he saw the Nissan Maxima approaching. He testified that although he and Elger Fox had not personally had any arguments, he knew that there was some fighting going on between the men in the vehicle and the residents of Wilson Road. Carrouthers testified further that when he looked Fox in the eye, Fox bent down in the automobile and came back up with a gun. When he saw the gun, Carrouthers moved behind the van to hide and then heard the shot fired. Although he did not see where the gun was pointed, Carrouthers stated that he felt that the shot was aimed at him because there was no one else outside in the area. Another witness, Camellia Barr Goolsby, testified that she saw the Nissan Maxima approaching, and she saw Fox point a gun in the direction of Odis Barr's house and Antonio Carrouthers.
¶ 14. At the close of the evidence the court instructed the jury as to the elements of the crime in Jury Instruction D-13 as follows:
Therefore, if you find from the evidence in this case beyond a reasonable doubt that:
1. On or about July 27, 1996, in Lafayette County Mississippi, the Defendant, Elger Russell Fox, did unlawfully, willfully, feloniously or recklessly
2. Under circumstances manifesting extreme indifference to the value of human life,
3. Attempt to cause serious bodily injury to Antonio Carrothers
4. By discharging a firearm while in or on a vehicle.
Then you shall find the Defendant, Elger Russell Fox, guilty of drive-by shooting as charged in the indictment.
¶ 15. The State was required to prove each element listed in the instruction presented to the jury beyond a reasonable doubt. Fox claims that they did not prove the third elementthat he attempted to cause serious bodily injury to Carrouthers. We find that based upon the evidence presented, the jury was entitled to find that Fox did attempt to cause serious bodily injury to Antonio Carrothers. Thus, this issue is without merit.

B. Weight of the Evidence
¶ 16. In reviewing the decision of the trial court on this issue, this Court views all of the evidence in the light most consistent with the jury verdict. Strong v. State, 600 So.2d 199, 204 (Miss.1992). A motion for a new trial should only be granted to prevent an unconscionable injustice. McClain v. State, 625 So.2d 774, 781 (Miss.1993). Accordingly, we will reverse and remand based on a claim that the verdict was against the overwhelming weight of the evidence only if we reach the conclusion that the trial court abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997). On review we accept as true all evidence favorable to the State. Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987).
¶ 17. The jury in the case sub judice heard the evidence of the State, as well as the evidence presented by the appellant. Upon hearing all of the evidence it found that there was enough evidence to convict Elger Fox of the crime of drive-by shooting. Viewing the evidence in a light most consistent to the verdict and accepting as true all evidence favorable to the State, we find that the jury verdict was not against the overwhelming weight of the evidence. This issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF DRIVE-BY SHOOTING AND SENTENCE TO FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LAFAYETTE COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., AND COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.