764 So.2d 476 (2000)
Jimmy IVY a/k/a Jimmy L. Ivy a/k/a Jimmy Lee Ivy, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01389-COA.
Court of Appeals of Mississippi.
August 1, 2000.
*477 Gary B. Jones, Meridian, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Jimmy Ivy has appealed his conviction by a Lauderdale County Circuit Court jury for sale of a controlled substance. He claims that the evidence was insufficient as a matter of law to support his conviction, requiring that his conviction be reversed and rendered. Alternatively, he argues that the verdict was against the weight of the evidence, entitling him to a new trial before a different jury. We find these issues to be without merit and affirm.
¶ 2. Ivy was convicted principally on the testimony of a law enforcement officer, Joshua Coleman, who was working as an undercover narcotics agent. Coleman related at trial that he requested to purchase a twenty dollar supply of crack cocaine from an individual identified as Henry Sturdivant, whom Coleman had discovered standing on the street in the company of Ivy. Coleman testified that, immediately after his request, he observed Sturdivant and Ivy in conversation and he saw Ivy pass something to Sturdivant. Sturdivant then returned to Coleman's vehicle and exchanged the article obtained from Ivy for Coleman's twenty dollar bill. Subsequent chemical analysis confirmed that the substance delivered to Coleman was crack cocaine, a controlled substance under this state's narcotics laws.
*478 ¶ 3. During cross-examination by defense counsel, Coleman's credibility was attacked through attempts to show inconsistencies between Coleman's testimony at trial and his earlier reports of the incident. These inconsistencies involved primarily the question of whether Coleman made the initial buy request to Sturdivant or to Ivy, and whether Coleman ever spoke directly to Ivy. Additionally, defense counsel sought to impeach Coleman based on his lack of familiarity with Ivy before the incident and whether the lighting and distances would permit Coleman to make a positive identification of Ivy.
¶ 4. In essence, on appeal Ivy contends that Coleman's testimony was so substantially impeached in this manner that it was rendered unworthy of belief. We have reviewed Coleman's testimony, including his responses on cross-examination. The perceived inconsistencies between his pre-trial report of the incident and his testimony at trial do not, in our view, render his testimony so incredible or improbable that the jury ought to have disregarded it. Prior inconsistent statements are, without question, a proper means of attacking a witness's credibility. M.R.E. 613(b); Hall v. State, 691 So.2d 415, 420 (Miss.1997). Nevertheless, it yet remains within the province of the jury to hear the witness and, giving due weight to a number of factors that include impeachment, to determine what worth to assign to that witness's testimony. Harrison v. State, 307 So.2d 557, 561 (Miss.1975).
¶ 5. Whether considering a challenge to the sufficiency of the evidence to support a criminal conviction or a claim that the verdict is against the weight of the evidence, this Court must review the evidence in the light most favorable to the State. Ballenger v. State, 667 So.2d 1242, 1252 (Miss.1995); Fox v. State, 724 So.2d 968 (¶ 16)(Miss.Ct.App.1998). Viewed in that light, we do not think that a reasonable and fair-minded juror could only reach the conclusion that the State had failed to prove Ivy's involvement beyond a reasonable doubt. The fact that the proof indicated that Ivy did not make the transfer directly to Coleman but that, rather, Sturdivant acted as an intermediary in the transaction does nothing to advance Ivy's attack on the sufficiency of the evidence. When two or more persons knowingly act in concert to accomplish a criminal objective, each may be found guilty as a principal in the offense. Goldman v. State, 741 So.2d 949(¶ 28) (Miss.Ct.App.1999). We find the evidence of guilt sufficient to support the guilty verdict. Neither are we convinced that the weight of the evidence pointed away from Ivy's guilt to the extent that a new trial is necessary to avoid a miscarriage of justice.
¶ 6. In this case, the jury, by its verdict, indicated its acceptance of Coleman's testimony as true. Such determinations are the proper function of the jury, and this Court can discover no reason in the law to set aside this verdict on the basis of any issues raised by Ivy in this appeal.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF DELIVERY OF COCAINE AND SENTENCE OF TWENTY-FIVE YEARS TO RUN CONSECUTIVE TO THE SENTENCE CURRENTLY BEING SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF FIVE THOUSAND DOLLARS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.