812 So.2d 246 (2002)
Errol Dee CHAPIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-02056-COA.
Court of Appeals of Mississippi.
March 5, 2002.
*247 Michael R. Farrow, Columbus, attorney for appellant.
Office of the Attorney General By Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Errol Dee Chapin was tried and convicted in the Circuit Court of Lowndes County, Honorable Lee J. Howard presiding of the crime of touching a child. Chapin was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. After being convicted, Chapin presented a motion for judgment notwithstanding the verdict or, alternatively, new trial which was denied by the trial court. From the denial of that motion, Chapin appeals raising the following issues:
1. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED CHAPIN'S MOTION FOR FUNDS TO EMPLOY AN EXPERT;
2. WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED ONE OF THE STATE'S EXPERT WITNESSES TO REMAIN IN THE COURTROOM WHILE CHAPIN CROSS-EXAMINED ANOTHER STATE EXPERT WITNESS;
3. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW CHAPIN'S EXPERT TO FULLY EXPLAIN POST-TRAUMATIC STRESS DISORDER TO THE JURY; AND
4. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW THE VICTIM'S WRITTEN STATEMENT TO BE ADMITTED INTO EVIDENCE WHILE ADMITTING CHAPIN'S RECORDED STATEMENT INTO EVIDENCE.

*248 STATEMENT OF FACTS
¶ 2. On September 19, 1997, Errol Dee Chapin was arrested for fondling a seven-year-old child. The incident occurred in the presence of the victim's fourteen-year-old brother. Chapin was subsequently indicted by the grand jury on one count of touching a child. Chapin then filed a motion for mental examination claiming that he was insane at the time of the act. Chapin's insanity defense was based on flashbacks which allegedly resulted from his experiences while in the United States Air Force where he was present during two bunker explosions. Chapin's motion was sustained and he was admitted into the Whitfield State Hospital for evaluation. The examiners found that Chapin knew the nature and quality of his actions and that the act was wrong. After being evaluated by the State, Chapin then requested by motion that the trial court provide funds so that he could employ an expert in the fields of occupational and environmental medicine and psychiatry. The trial court denied this motion.
¶ 3. At trial Chapin invoked the rule of sequestration and had the witnesses removed from the courtroom. Both the State and Chapin agreed to allow each side's experts to remain in the courtroom during the trial. During the course of the trial, Chapin objected to the presence of the State's second expert witness while the first expert was being cross-examined. The trial court overruled Chapin's objection and allowed the expert to remain in the courtroom. Chapin also attempted to introduce the statement the victim presented to the police in an effort to impeach her testimony. The trial court refused to admit the statement into evidence. Chapin was convicted and sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Chapin presented a motion for judgment notwithstanding the verdict or alternatively, new trial to the trial court for consideration which was summarily denied. From the denial of that motion, Chapin perfected this appeal.

LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED CHAPIN'S MOTION FOR FUNDS TO EMPLOY AN EXPERT.
¶ 4. Chapin first contends that the trial court erred when it denied his motion for funds to employ an expert witness in furtherance of an insanity defense. The standard of review for denial of expert assistance is abuse of discretion such that "the defendant was denied due process whereby the trial was fundamentally unfair." Richardson v. State, 767 So.2d 195, 197(¶ 7) (Miss.2000). Whether the State is required to pay for a defendant to have an expert witness is determined on a case by case basis. Id. at 198(¶ 12). The Supreme Court, in its decision in Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), delineated three factors to be utilized in determining whether a defendant is entitled to the assistance of an expert witness to assist in the defense of his case. Richardson, 767 So.2d at 199 (¶ 19). Those factors are: "1) the private interest that will be affected by the action of the State; 2) the government interest that will be affected if the safeguard is to be provided; and 3) the probable value of the additional or substitute procedural safeguards that are sought, and the risk of an erroneous deprivation of the affected interest if those safeguards are not provided." Id. In cases involving the use of psychiatrists as experts, the requirements of Ake v. Oklahoma are satisfied where the defendant has been evaluated by a psychiatrist from the Whitfield State Hospital. Feazell v. State, 750 So.2d 1286, 1288-89 (¶ 10) (Miss. *249 Ct.App.2000). Chapin was examined by a team of psychiatrists at Whitfield State Hospital and found to know the nature and quality of his act. This issue is without merit.

2. WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED ONE OF THE STATE'S EXPERT WITNESSES TO REMAIN IN THE COURTROOM WHILE CHAPIN CROSS-EXAMINED ANOTHER STATE EXPERT WITNESS.
¶ 5. Chapin next complains that the trial court erred when it allowed one of the State's experts to remain in the courtroom while the other expert was being cross-examined. At the beginning of trial, Chapin invoked the rule of sequestration. The State and Chapin agreed to exempt both the State's and Chapin's experts. While cross-examining the State's first expert, Chapin requested that the State's second expert be excluded from the courtroom as both witnesses would receive essentially the same questions. The trial court refused to exclude the witness from the courtroom.
¶ 6. How the trial court chooses to administer the sequestration of witnesses is a procedural matter within the discretion of the trial court. Collins v. State, 361 So.2d 333, 334 (Miss.1978). Rule 703 of the Mississippi Rules of Evidence provides that an expert witness may base his opinion on facts or data either "perceived by or made known to him at or before the hearing." M.R.E. 703. Therefore, "an expert witness may remain in the courtroom during the other witnesses' testimony and base his opinion upon the prior testimony of other witnesses." Collins, 361 So.2d at 334. The trial court properly allowed the State's second expert witness to remain in the courtroom while the first expert witness testified. This issue is without merit.

3. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW CHAPIN'S EXPERT TO FULLY EXPLAIN POST-TRAUMATIC STRESS DISORDER TO THE JURY.
¶ 7. Chapin next contends that the trial court erred when it refused to allow his expert to fully explain the effects post-traumatic stress disorder has on the human mind. Chapin's expert was tendered in the field of post-traumatic stress syndrome. Chapin asked the expert what effect post-traumatic stress syndrome would have on the conscious mind. The State objected to the question stating that it was beyond the qualifications of the witness. Chapin then posed a hypothetical question to the expert inquiring whether a person who was experiencing a flashback would be able to normally drive a car which essentially required the witness to testify to the same information requested in the previous objectionable question. The State did not object to the question and the expert responded to it. Chapin then asked the expert whether flashbacks could cause a person to be unable to tell right from wrong and whether Chapin possessed the intent to commit the crime charged. The State objected to both questions as beyond the qualifications of the witness and the trial court sustained each objection.
¶ 8. The admission or exclusion of expert testimony is controlled by the trial court's discretion and this Court will not disturb the trial court's decision unless the trial court clearly abused that discretion. Sheffield v. Goodwin, 740 So.2d 854, 856(¶ 6) (Miss.1999). The trial court "may exclude expert opinions which are not helpful to the trier of fact and which state legal conclusions beyond the specialized knowledge of the expert." Hart v. State, 637 So.2d 1329, 1338 (Miss.1994). Chapin's expert was qualified in the narrow *250 area of post-traumatic stress syndrome and not within the larger field of psychiatry. The questions posed reached beyond the expert's qualifications to respond. The trial court did not abuse its discretion in refusing to allow Chapin's expert to respond to the questions. This issue is without merit.

4. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW THE VICTIM'S WRITTEN STATEMENT TO BE ADMITTED INTO EVIDENCE WHILE ADMITTING CHAPIN'S RECORDED STATEMENT INTO EVIDENCE.
¶ 9. Chapin's last point of error is that the trial court allowed his prior inconsistent statement to be admitted into evidence while excluding the victim's statement taken by the police. Prior inconsistent statements are a proper means of impeaching a witness's testimony. Ivy v. State, 764 So.2d 476, 478(¶ 4) (Miss.Ct. App.2000). The trial court did not err when it allowed Chapin's prior inconsistent statement to be admitted into evidence.
¶ 10. We now turn our attention to the victim's prior inconsistent statement. Chapin wished to introduce this statement to refute the victim's testimony that she had been dragged off the floor and onto the couch by Chapin before he began touching her. In her statement recorded by the police, the victim stated that Chapin sat down beside her on the couch and began touching her, making no mention of being dragged across the floor and onto the couch. While the statement should have been admitted into evidence, the jury heard testimony regarding the prior statement during Chapin's cross-examination of the victim. The admission of this statement would not have affected the outcome of this trial. Any impeachment of the victim would have been insignificant in light of the rest of her testimony. Further, there was significant evidence presented at trial supporting Chapin's conviction. We find, therefore, that the trial court's error was harmless error and not grounds for a reversal of the conviction.

CONCLUSION
¶ 11. The trial court's refusal to admit the victim's prior statement for impeachment purposes was harmless error. The trial court did not err when it refused to approve funds for Chapin to hire an expert. Allowing the State's second expert to remain in the courtroom while the first expert was being cross-examined was permissible. The trial court did not abuse its discretion when it limited the testimony of Chapin's expert.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF MOLESTING A CHILD AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.