# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-KA-02012-SCT

*CURTIS ASTER HOGAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/2009 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: HUNTER NOLAN AIKENS |
| | LESLIE S. LEE |
| | RAYMOND L. WONG |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/04/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., DICKINSON AND CHANDLER, JJ.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After a one-day trial, Curtis Hogan was convicted by a Bolivar County jury for the sale of cocaine. The Circuit Court of Bolivar County, Mississippi, Second Judicial District, Judge Kenneth L. Thomas presiding, sentenced Hogan to twelve years in prison with six years suspended and six years to serve in the custody of the Mississippi Department of Corrections (MDOC). Hogan now appeals his conviction.

**FACTS AND PROCEEDINGS BELOW**

¶2.   On April 22, 2009, Officers Joe Smith, a narcotics investigator, and Officer Bobby Moore, of the Bolivar County Sheriff's Department, met with Michael Cox,[1] a confidential informant (CI), to set up a controlled buy from a man known to Cox as "Apple."[2] Officer Smith testified that he and Officer Moore met with Cox at an undisclosed location ("pre-buy location") just outside the town of Alligator, Mississippi, to discuss the controlled buy. Upon arriving at the pre-buy location, Officer Smith and Officer Moore performed a routine search of Cox and his motorcycle for contraband and money.[3] Next, Cox received a phone call from Curtis Hogan. Cox told Hogan that he wanted a hundred dollars worth of "hard."[4] After the phone call had ended, Officer Smith and Officer Moore wired Cox with audio/video equipment and gave him one hundred dollars for the buy. Once Cox was given the money, he proceeded to the location where he and Hogan had agreed to meet, which was the parking lot of a mobile-home housing complex.

¶3.   While Cox was in route to the buy location, the video revealed that Cox made a brief detour, without stopping, through a service-station parking lot. Cox then proceeded to the mobile-home housing complex. When Cox did not see Hogan at this location, Cox pulled

---

[1]Michael Cox agreed to work for the Mississippi Bureau of Narcotics through the Bolivar County Sheriff's Department, as a confidential informant, when he was arrested on an unrelated offense.

[2]At trial, Cox identified Hogan as the man from whom he bought the crack cocaine on April 22, 2009.

[3]According to Investigator Smith's testimony, this was standard procedure to ensure that a CI doesn't have anything illegal or harmful in conducting a controlled buy.

[4]"Hard" is a common reference to crack cocaine.

over on the shoulder of the road and called Hogan. Cox testified that he was told to meet Hogan around the corner from the original location. Cox then pulled around the corner to a gravel parking lot where two men were sitting in a parked gray, four-door car. Cox testified that he parked his motorcycle in front of the vehicle and approached the driver's side door.[5]

¶4.     When Cox approached the vehicle, Hogan opened his door, and an apparent exchange took place. It is unclear from the video whether Hogan handed anything to Cox.  However, Cox testified that Hogan handed him crack cocaine in exchange for the one hundred dollars. Cox then drove back to the pre-buy location, where he handed Officer Smith the substance that he had bought from Hogan. Officer Smith and Officer Moore searched Cox again and removed the audio/video equipment. Following the search, Cox gave a statement describing the seller as a black male, five feet eleven inches tall, approximately 200 pounds, and approximately thirty-eight years old.

¶5.     Upon arriving at the police department, Officer Smith heat-sealed the bag containing what he believed to be crack cocaine in an evidence bag.[6] The next day, Officer Smith took the evidence bag containing the substance to the Mississippi Crime Laboratory to be tested. Eric Frazure of the Mississippi Crime Lab testified that he had tested the substance contained in the evidence bag and had concluded that the substance consisted of 1.2 grams of cocaine.

---

[5]Cox originally testified that he had pulled his motorcycle up to the driver's side window of the vehicle and made the exchange without getting off his bike. However, once his memory was refreshed by way of the surveillance video, Cox remembered getting off his motorcycle and approaching the men in the vehicle.

[6]Investigator Smith did not have heat-sealing equipment in his vehicle at the time he received the cocaine from Cox.

¶6. A grand jury indicted Hogan for the sale of cocaine on September 23, 2009. The case proceeded to trial on November 20, 2009. At the close of the prosecution's case-in-chief, the defendant moved for a directed verdict, alleging that the prosecution had failed to prove a prima facie case of the sale of cocaine against Hogan. The motion was denied. The defense then rested without presenting any evidence. The jury found Hogan guilty as charged. The trial judge sentenced Hogan to twelve years with six years suspended and six years to serve in the custody of the Mississippi Department of Corrections (MDOC).

¶7. On December 17, 2009, Hogan filed his motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, motion for new trial. That same day, the trial judge denied the motion. Hogan now appeals.

## ANALYSIS

¶8. Hogan raises one issue on appeal. He argues that the verdict was against the overwhelming weight of the evidence.

¶9. In determining whether a jury verdict is against the overwhelming weight of the evidence, "this Court will only disturb a jury verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Boyd v. State*, 977 So. 2d 329, 336 (Miss. 2008) (citing *Taggart v. State*, 957 So. 2d 981, 987 (Miss. 2007)). On appeal, this Court "review[s] the evidence in the light most favorable to the State." *Boyd*, 977 So. 2d at 336 (citing *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993)). In addition, all reasonable inferences must be drawn in favor of the State. *Id.* Furthermore, "because matters concerning the weight and credibility of the witnesses are resolved by the fact finder, the Court should reverse only where, 'with

4

respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.'"***Boyd***, 977 So. 2d at 336-37 (quoting ***Fox v. State***, 724 So. 2d 968, 970 (Miss. Ct. App. 1998)).

¶10.    Viewing the evidence in the light most favorable to the prosecution, we find that the verdict was not against the overwhelming weight of the evidence. There was clear evidence that Hogan sold Cox cocaine on April 22, 2009. The man seen in the surveillance video sitting in the driver's seat of the car when Cox approached the driver's door was identified as Hogan. Cox even testified that the man on the surveillance video to whom he gave the one hundred dollars during the controlled buy was Hogan and identified Hogan during trial by pointing to him and describing his attire.

¶11.    Hogan argues that Cox and his motorcycle were not searched thoroughly enough before and after the controlled buy, apparently implying that Cox may have had the cocaine on him before the buy or acquired it from someone else after the buy. However, Officer Smith testified that he and Officer Moore searched Cox's person and his motorcycle before and after the controlled buy, according to standard procedure. We note that Hogan raised no question on cross examination of Officer Smith regarding the thoroughness of his search.

¶12.    Although Cox made two detours on his way to the buy, one through a gas station and the other through a residential area, where he drove slowly past two men, saying, "I'll be right back," Cox never made physical contact with anyone. Cox also testified that he stopped on the shoulder of the road, after circling through the residential area, to call Hogan because Hogan "was not where he said he would be." The video shows that Cox made this stop, without making physical contact with anyone, shortly after circling through the residential

5

area, which apparently was where Cox and Hogan originally were supposed to meet. After making the buy, Cox drove directly back to the pre-buy location, where Officer Smith and Officer Moore were waiting for him.

¶13.    The evidence also shows that, once Cox had returned to the pre-buy location, now the "post-buy" location, Officer Smith retrieved the substance and video/audio equipment and took it back to the station. Although the substance Officer Smith retrieved from Cox was neither heat-sealed nor field-tested at the scene, Officer Smith took it to the station, where it was heat-sealed and then taken to the lab.

¶14.    Further, the substance submitted by Officer Smith was tested at the Mississippi Crime Laboratory by Eric Frazure. Despite the fact that Frazure could not testify, with certainty, whether the substance was powder cocaine ("cocaine salt") or crack cocaine ("free base form of cocaine"), he did testify that the 1.2 grams of substance was cocaine.

¶15.    When viewing the evidence in the light most favorable to the State, we find that the verdict is not against the overwhelming weight of the evidence. *Boyd*, 977 So. 2d at 336 (citing *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993)). Although Cox made two detours on his way to the controlled buy, there is no evidence that Cox may have obtained the cocaine from someone other than Hogan. Even though the surveillance video does not show drugs being exchanged from Hogan to Cox, a reasonable inference drawn in favor of the State sugests that Hogan gave Cox the cocaine in exchange for one hundred dollars. *Id.* Therefore, this Court finds that the verdict is not against the overwhelming weight of the evidence and that the trial court's denial of Hogan's motion for a new trial and for a judgment notwithstanding the verdict should be affirmed.

6

¶16.    Because we find that Hogan's conviction is supported by the overwhelming weight of the evidence, this Court affirms the trial court's denial of Hogan's motion for a new trial and for a judgment notwithstanding the verdict.

¶17.    **CONVICTION OF THE SALE, TRANSFER, OR DELIVERY OF COCAINE AND SENTENCE OF TWELVE (12) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SIX (6) YEARS SUSPENDED WITH CONDITIONS, AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**